# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LEONARD TILLMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CVS PHARMACY, INC., ) <br> UNITED PARCEL SERVICE, CO., and ) <br> PARCEL SERVICE OF AMERICA, INC. ) <br> ) <br> Defendants. ) | No. 19 C 5219 <br> Hon. Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

On August 1, 2019, Defendant ProCare Pharmacy Direct, LLC ("ProCare"), named as CVS Pharmacy in the Complaint, (Compl. (Dkt. No. 1–1) at 1), by and through its attorneys, David C. Hall, April R. Walkup, and Basile Souferis of Hall Prangle & Schoonveld, LLC, filed a notice of removal from the Circuit Court of Cook County, case number 19 L 7011. (Notice of Removal (Dkt. No. 1).) Presently before us is Plaintiff Leonard Tillman's ("Tillman") Petition to Remand to the Circuit Court of Cook County. (Pet. to Remand (Dkt. No. 13).) For the reasons stated below, we remand this action to the Circuit Court of Cook County.

## STANDARD OF REVIEW

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1446(a), defendants desiring to remove a case from state court to federal court must file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all

process, pleadings, and orders served upon such defendant or defendants in such action."
28 U.S.C. § 1446(a).

"In considering a motion for remand, the court must examine the plaintiff's complaint at the time of the defendant's removal and assume the truth of all factual allegations contained within the original complaint." *Compassionate Pain Mgmt., LLC v. Frontier Payments, LLC*, No. 17 C 5568, 2017 WL 4423409, at *3 (N.D. Ill. Oct. 4, 2017) (citation omitted). The party seeking removal bears the burden of establishing jurisdiction in the federal court. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

## ANALYSIS

ProCare argues its removal of Tillman's suit to federal court was proper, because it was never noticed that service was made on its co-defendants prior to initiating removal. (Def. Resp. to Pl.'s Pet. to Remand ("Def. Resp.") (Dkt. No. 22) ¶ 7.) Tillman responds that ProCare made no reasonable attempt to determine if service was made, and therefore cannot invoke Illinois rules to justify its failure to receive written consent. (Pl.'s Resp. to Def. Resp. to Pl.'s Pet. to Remand ("Pl. Resp.") (Dkt. No. 23) ¶ 1.) Since we determine that ProCare failed to exercise diligence in determining whether its co-defendants had been served and because the co-defendants were served and did not consent to removal, we need not reach the subsidiary question whether diversity jurisdiction is proper under 28 U.S.C. § 1332(a).

A defendant may remove an action to federal court if the court has original subject-matter jurisdiction over the action. 28 U.S.C. § 1441(a). A defendant has 30 days after the service of the summons to remove a suit to federal court. 28 U.S.C. § 1446(b). Federal jurisdiction may arise under § 1332 if the parties are diverse, meaning the action is between citizens of different states, and the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Federal jurisdiction arises under § 1331 when the complaint arises under federal law. 28 U.S.C. § 1331.

Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). For a suit to be removed, all defendants must consent to the removal in writing. *See Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997) ("A petition for removal is deficient if not all defendants join in it."); *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 272 (7th Cir. 1982) ("[A]ll defendants must join in a removal petition in order to effect removal."); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) ("To 'join' a motion is to support it in writing.").

Here, ProCare filed a timely notice of removal within 30 days of service, claiming the United States District Court for the Northern District of Illinois has original jurisdiction of this case under 28 U.S.C. § 1332(a).[1] (Notice of Removal ¶ 5.) ProCare states that this action is between citizens of different states. (Notice of Removal ¶ 6.) ProCare is an Ohio corporation and Tillman is an Illinois resident. (Notice of Removal ¶¶ 7–8.) ProCare further states that the amount in controversy in this action will exceed the $75,000 threshold required under § 1332. (Notice of Removal ¶ 13.)

---

[1] We note there is no federal question jurisdiction here, because the complaint arises only under a state tort cause of action. (Compl. (Dkt. No. 1-1) at 2, 4, 6.)

3

However, ProCare did not obtain the written consent of the joined defendants United Parcel Service, Co., ("UPS") and Parcel Service of America, Co., ("PSA") in its notice of removal. Instead, ProCare stated "[o]n information and belief, the other Defendants, would consent to the removal of this matter to the United States District Court for the Northern District of Illinois." (Notice of Removal ¶ 11.) This statement is insufficient to meet the requirement that all parties consent to the removal in writing. *See Compassionate Pain Mgmt.*, 2017 WL 4423409, at *3.

Further, ProCare claims that it believed UPS and PSA had not been served at the time of its notice of removal. (Notice of Removal ¶ 10.) UPS and PSA were properly served on July 3, 2019. (Pet. to Remand ¶¶ 3–4.) The basis for ProCare's mistaken belief is that, at the time of removal, the Circuit Court of Cook County Docket had not been updated to reflect service. (Notice of Removal ¶ 10.) However, ProCare should have been "reasonably diligent" in determining whether UPS and PSA had been served. *Caudle v. Conestoga Settlement Serv.*, No. C 18-985, 2018 WL 3435403, at *2 (C.D. Cal. July 12, 2018) (citing *Pianovski v. Laurel Motors, Inc.*, 924 F. Supp. 86, 87 (N.D. Ill. 1996) (holding even a call to check in with the docketing clerk was insufficient diligence because there are often delays between service an filing of proof of service)). While courts occasionally allow filing of untimely consent to removal, they have done so only when "the other defendant consented to removal within the thirty-day period, but the notice of removal simply lacked the otherwise consenting defendant's signature." *Compassionate Pain Mgmt.,* 2017 WL 4423409, at *3. We reject ProCare's argument that Tillman "unfairly prejudiced [ProCare] from receiving notice of service of summons" because ProCare could have obtained this information if it had exercised reasonable diligence. (Resp. to Mot. to Remand (Dkt. No. 22) ¶ 7.) For example, ProCare could

have phoned UPS to ask whether they were served. *See Caudle*, 2018 WL 3435403, at *2; *Pianovski*, 924 F. Supp. at 87. ProCare's claim is now untimely and cannot be amended to add UPS's and PSA's approval, because neither UPS or PSA gave any indication of approval to remove within the thirty-day window for removal. *See Compassionate Pain Mgmt.*, 2017 WL 4423409, at *4.

## CONCLUSION

ProCare failed to obtain the co-defendants' consent in its notice of removal, as required under 28 U.S.C. § 1446(b)(2)(A). Thus, ProCare did not satisfy the necessary prerequisite to remove this case to Federal Court. We accordingly remand this case forthwith to the Circuit Court of Cook County.

It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: October 7, 2019
       Chicago, Illinois